UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WALTER BRANSON BENNETT,** | ) | **CASE NO. 1:23 CV 1081** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **ATTORNEY MATTHEW LIEBSON.** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Walter Branson Bennett filed this action against Attorney Matthew Liebson. Plaintiff, a resident of Evansville, Indiana, claims he worked for the Trigo Group at their Princeton, Indiana location. He contends Trigo supervisors terminated his employment due to his age. He asserts violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and seeks monetary damages.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That application is granted.

## I. BACKGROUND

Plaintiff alleges he is seventy-four years old, and was employed by the Trigo Group at their Princeton, Indiana location for two months from May 2022 ro July 2022. He indicates he was hired as an assembly line Quality Inspection worker. His responsibilities included inspection and cleaning of hematite parts before use on the assembly line. He alleges that he

was the only older person working on the night shift. He suggests that this demonstrates that the Trigo Group preferred to use younger workers on the night shift.

Plaintiff contends Trigo employees walked through the work areas to see if other employees required supplies. He alleges that when one of these employees came through his area, he asked Plaintiff if he was okay. Plaintiff claims the employee was implying that he was too old to do the work.

Plaintiff states he used his knowledge of hematite to rewrite the inspection manual for hematite. He states he presented his work to his supervisor and asked that it be retyped on Trigo letterhead and added to Toyota's record, so that he could list it as an achievement on his resume. His supervisor refused the request.

Plaintiff alleges he worked two hours of overtime every day. He does not indicate whether he was asked to work overtime or if he took it upon himself to work the additional hours. Plaintiff alleges that on July 7, 2022, he and five younger employees were waiting in the lunch area for new assignments. Only an hour and ten minutes remained in the shift. He contends that he was chosen to leave early rather than one of his younger co-workers. He indicated his desire to stay until the end of the shift but his supervisor told him to go home. He accused her violating the ADEA.

Plaintiff contends that on July 11, 2022, he was inspecting parts on the west production line when he was approached by the production line supervisor. He states that although he had not completed his work, his supervisor moved him to another location in the building that was closer to the exit. He states he worked there for a few hours when his supervisor approached

him to point out deficiencies in his work.  He alleges that he was familiar with his work requirements and there was nothing in his job responsibilities that he could do incorrectly.  His supervisor then told him he was fired.  Plaintiff claims his termination was due to his discussion of the ADEA with another supervisor on July 7, 2022.

Plaintiff names Liebson as the Defendant because the Equal Employment Opportunity Commission ("EEOC") copied him on the Right to Sue letter it sent to Plaintiff.  Plaintiff alleges that this proves that Liebson is responsible for the day to day operations at Trigo Group in Princeton, Indiana.  Liebson, however, works for the Trico Group, not the Trigo Group.  The Trico Group has its principal place of business in Rochester Hills, Michigan and has an office at 127 Public Square, Cleveland, Ohio.  The Trigo Group has it principal place of business in Cedex, France.  It does not have offices in Cleveland, but it does maintain a location in Princeton, Indiana.  Trico manufactures windshield wipers.  Trigo provides quality control on assembly lines.  Based on the facts alleged by Plaintiff, it appears he worked for the Trigo Group, and not the Trico Group.  Liebson works for the Trico Group.  The EEOC inadvertently sent the Right to Sue letter to Trico Group rather than the Trigo Group.

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of*

*Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III. ANALYSIS

As an initial matter, this case has no connection to the Northern District of Ohio. As stated above, Liebson is employed by the Trico Group. Plaintiff was employed, briefly, by the Trigo Group, an entirely different corporation. Plaintiff alleges no facts that suggest Liebson was involved in any of the actions that gave rise to this Complaint.

Furthermore, even if Liebman were responsible for the day to day operations of of the

Trigo Group office in Princeton, Indiana, he cannot be held liable under the ADEA. ADEA claims can only be asserted against an employer, not an individual. *See Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir.1999) (citing *Smith v. Lomax*, 45 F.3d 402, 403 (11th Cir.1995)); *Liggins v. State of Ohio*, No. 99-3535, 2000 WL 178420 * 2 (6th Cir. Feb. 8, 2000)("defendants, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination.")(citing *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)); *Graham v. Johanns*, No. 2:07-CV-453, 2008 WL 3980870, at *6 (S.D. Ohio Aug. 21, 2008). Liebson does not meet the statutory definition of an Employer.

## IV. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

7/19/2023

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.